Ruffin, C. J.
 

 Pérhaps no undertaking would be more difficult, than an attempt to lay down beforehand what words will or will not amount to a promise, so as to take a case out of the statute of limitations; for the construction will necessarily vary with the infinite variety of expressions that persons may use. But it is our duty to attain a rule upon this subject, as on others, as nearly as may be, that persons may knowhow to regulate their dealings and come to settlements without resorting to judicial decisions. We have heretofore in the case of
 
 Smallwood
 
 v Smallwood,
 
 2
 
 Dev. & Bat. 330, stated our opinion, that, although the plaintiff need not declare on the new promise, but may declare on the old one and give the other in evidence to repel the statute, yet the new promise, in order to have that effect, must be such as might be laid in the declaration as a promise to pay the same debt, and to the same extent, as is sought to be recovered in the action as brought. We can conceive no other rule, unless one so very loose as to render the stat-
 
 *378
 
 me nearly inoperative. And we held in that case, that, if -'the defendant’s letter were to be considered a promise to pay the plaintiff’s demand, yet the term “ demand” was too vague in itself, without some reference to the particular demand meant, its nature or amount, to authorize a recovery, if directly declared on, and therefore inadequate to help out an action on the original consideration. The same reasons apply to the case before us now. There is no direct promise to pay any debt; but it is an attempt to infer a promise to pay this debt from a mere acknowledgment that the intestate owed the plaintiff some debt, but on what account or to what amount he did not say and we have no means of ¡collecting, nor whether he was willing to pay it. It would opening the door to every mischief, for which the statute was intended as a remedy, if these loose declarations were allowed to constitute a promise to pay whatever the plaintiff could prove the intestate had owed him at any time and upon any account.
 

 Per Curiam. Judgment affirmed.